UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | |
| 1716 I LLC                    , | ) | Case No. 19-00699 |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## CHAPTER 11 PLAN OF REORGANIZATION

1716 I LLC ("Debtor"), the Debtor and debtor-in-possession, by and through counsel, Webster & Fredrickson, PLLC, proposes this Chapter 11 Plan of Reorganization (the "Plan") pursuant Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code"), for payment of debts as follows:

### ARTICLE I
### Introduction

1.1.    This bankruptcy proceeding was commenced by the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 23, 2019. The commencement of the bankruptcy case constituted an order for relief under the Bankruptcy Code.

1.2.    The Debtor is a limited liability company organized and existing under the laws of the District of Columbia. The Debtor owns and operates a full-service nightclub, lounge and bar business located at 1716 I Street, N.W., Washington, DC 2006.

Wendell W. Webster, Esq., Bar No. 245696
1775 K Street, N.W., Suite 290
Washington, DC 20006
(202) 659-8510
wwebsterfredrickson.com
Counsel for Debtor-in-Possession

-1-

1.3. At all times since the commencement of this case, the Debtor has remained in possession of its assets and the control of its affairs as Debtor-in-Possession.

## ARTICLE II
### Definitions

For the purpose of the Plan, the following terms shall have meanings hereinafter set forth:

2.1 "Administrative Claim" shall be such claim as are defined in §503(b) of the Bankruptcy Code, including professionals' fees allowed by the Court and the expenses incurred in the ordinary course of the bankruptcy estate's business after the Petition Date.

2.2 "Allowed Claim" shall mean a claim (a) regarding which a proof of claim has been filed with the Court within the applicable period of limitations fixed by Rule 3003 of the Federal Rules of Bankruptcy Procedure, or (b) which is listed in the schedules of liabilities filed by the Debtor with the Court, including any amendments thereto, which has not been resolved, and is not listed as disputed, contingent or unliquidated as to amount.

2.3 "Allowed Amount" shall mean the amount of any Allowed Claim. The Allowed Amount of any Allowed Claim that is an Unsecured Claim shall not include interest accruing after the Petition Date.

2.4 "Bankruptcy Code" shall mean Title 11 of the United States Code, as enacted by the Bankruptcy Reform Act of 1978, Public Law 95-598, as subsequently amended, and such portions of Title 28 of the United States Code as are applicable to bankruptcy cases.

2.5 "Bar Date" shall mean the date set by the Bankruptcy Court as the last date for filing proofs of claim pursuant to Bankruptcy Rule 3003(c)(3).

2.6 "Claim" shall mean any right to payment from the Debtor, whether such Claim is contingent, unliquidated or disputed.

2.7 "Confirmation Date" shall mean the date on which the Court enters an Order of Confirmation.

2.8 "Confirmation Order" shall mean the Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

2.9 "Court" shall mean the United States Bankruptcy Court for the District of Columbia, in which the Debtor's case is pending, and any court having competent jurisdiction to hear appeals or certiorari proceeding therefrom.

2.10 The "Debtor" shall mean 1716 I LLC, the Debtor herein.

2.11 "Disputed Claim" or "Disputed Interest" shall mean a claim or interest:

a. Which is listed as disputed or contingent in the Debtor's schedules as originally filed or subsequently amended, or

b. As to which a proof of claim was timely filed and an objection to such claim was filed within sixty (60) days after the Effective Date.

2.12 "Disclosure Statement" shall mean the Disclosure Statement in Support of Chapter 11 Plan of Reorganization, filed contemporaneously herewith, in its present form or as it may hereafter be amended or modified.

2.13 "Effective Date" shall mean the first business day of the first full calendar month after a Confirmation Order has become final. The Confirmation Order shall be considered final upon the earliest to occur of any of the following: (a) the time for any appeal has expired and no appeal has been filed timely in accordance with the applicable Federal Rules of Bankruptcy Procedure; (b) any appeal that has been timely filed has been dismissed or determined in favor of confirmation and no further appeal has been taken within the time permitted for doing so; or (c)

an appeal has been timely taken but the Confirmation Order has not been stayed.

2.14 "Petition Date" shall mean the date on which the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code, which was October 23, 2019.

2.15 "Plan" shall mean this Chapter 11 Plan of Reorganization in its present form or as it may hereafter be amended or modified.

2.16 "Priority Claim" shall mean a claim entitled to priority pursuant to Section 507 of the Bankruptcy Code.

2.17 "Secured Claim" shall mean any claim which is secured by a lien against property of the Debtor, but only to the extent of the value of the collateral as of the Petition Date.

2.18 "Termination Date" shall mean the date ninety (90) days after the last payment required to be made under this Plan is made.

2.19 "Unsecured Claim" shall mean any claim other than an Administrative Claim, Priority Tax Claim or Secured Claim.

## ARTICLE III
### Classification and Treatment of Claims and Interests

The Plan provides for the creation of five (5) classes of claims and interests to be addressed in the following manner:

**Class I:**     **Administrative Claims.**

The Administrative Claims in the Bankruptcy Case as allowed pursuant to §503(b) of the Bankruptcy Code shall be due in full, on the Effective Date of the Plan or the date of allowance of such Claims, whichever is later. This Class shall include Claims of professionals incurred since the Petition Date, any statutory fees due to the Office of the United States Trustee, and any

other allowed administrative expenses allowed pursuant to §503 of the Bankruptcy Code. Professionals' fees are to be paid only upon appropriate application for payment of such fees and reimbursement of expenses, and upon Bankruptcy Court approval of such application pursuant to §330 of the Bankruptcy Code. Final applications for professionals' fees shall be filed no later than 30 days after the Effective Date. The Debtor estimates that unpaid Administrative Claims owed to professionals on the Effective Date shall be approximately $87,364.21.

The Debtor is current on fees due to the United States Trustee. Any outstanding fees due to the United States Trustee shall be paid on or before the Effective Date, and after confirmation, all further fees due to the United States Trustee, as well as any court costs, will be paid when they become due.

Class I is not impaired.

**Class II:** **Priority Tax Claims**

Class II consists of the Priority Claim filed by the Internal Revenue Service for unpaid employment taxes claimed in the amount of $4,325.47, corporate income taxes estimated in the amount of $5,000 and interest calculated in the amount of $17.72. Subject to the final calculation of unpaid taxes, the Priority Claim of the Internal Revenue Service shall be paid in full in less than five years from the date of the Petition, pursuant to §1129(a)(9)(C) of the Bankruptcy Code.

The District of Columbia asserted a Priority Claim for unincorporated business franchise taxes and sales and use taxes in the amount of $20,135.15. The parties have agreed to a tentative settlement which includes the payment of the District of Columbia's Priority Tax Claim. Class II is impaired.

**Class III:** **Secured Claim of the District of Columbia**

Class III consists of Amended Secured Claim filed by the District of Columbia in the amount of $1,842,610.30. Debtor disputed the District's claim and filed an objection contending that that the unpaid taxes totaled $261,023.43, plus interest and penalties. The parties have agreed to a tentative settlement of the claim in the amount of $400,000, to be paid in full subject to the final agreement of the parties.

Class III is impaired.

**Class IV:    Allowed Unsecured Claims**

Class IV consists of the following Allowed Unsecured Claims:

(a) A claim for workman's compensation was filed on behalf of Mike Dominic Moore in the amount of $25,000. This claim will be paid in full in equal monthly installments over a period of thirty-six (36) months from the commencement of the Plan.

(b) A claim for goods sold was filed on behalf of Southern Glazer's Wine and Spirits, LLC in the amount of $3,000. This claim will be paid in full in equal monthly installments over a period of thirty-six (36) months from the commencement of the Plan.

(c) A claim for unfiled corporate income taxes was filed on behalf of the Internal Revenue Service in the amount of $15,200. The allowed amount of this claim will be paid in full in equal monthly installments over a period of thirty-six (36) months from the commencement of the Plan.

(d) A claim for unsecured employment taxes was filed on behalf of the District of Columbia in the amount of $6,127.58. This claim is subject to the tentative settlement of the parties.

Class IV is impaired.

**Class V:   Interests in Debtor.**

Class V consists of the equity Interest in the Debtor. At the time of the commencement of this case, Chaz Zhou owned a 100 percent interest in the Debtor.

The absolute priority rule of §1129(b) of the Bankruptcy Code provides that a class of equity holders is not entitled to retain an Interest in the Debtor unless unsecured creditors receive payment in full, or unsecured creditors consent to the Plan, or the holders of Interests contribute new value to the Debtor. The Allowed Claims of all unsecured creditors are being paid in full in this case.

Class V is not impaired.

## ARTICLE IV
## Means for Execution of the Plan

The Plan will be funded from the proceeds of Debtor's business operations. Based upon the cash flow projections set forth in Exhibit B of the Disclosure Statement and attached hereto as Exhibit 1, Debtor believes that its cash flow will be more than sufficient to meet its obligations under the Plan and to fund ongoing operations upon the resumption of normal business activities.

## ARTICLE V
## Disputed, Unliquidated and Contingent Claims

5.1.   The Debtor reserves the right to file objections to any claims which it deems improper within thirty (30) days after the Effective Date of the Plan. Said deadline may be extended by the Court upon a showing of good cause by the Debtor.

5.2   Creditors shall have the right to file objections to claims which they deem improper within thirty (30) days after the expiration of the Debtor's rights as enumerated in

paragraph 5.1 above, including any extensions thereof.

      5.3.    Notwithstanding any other provision contained in this Plan, no creditor shall receive a distribution on account of its Claim until and unless such Claim is allowed pursuant to §502 of the Bankruptcy Code. In the event a Claim is disputed, it shall receive no payment unless (and to the extent that) it becomes an Allowed Claim, from funds of the Debtor. In the event a Disputed Claim is disallowed, any amounts otherwise allocated for payment of such Claim shall be made available for distribution in accordance with the terms of the Plan.

## ARTICLE VI
### Executory Contract and Unexpired Leases

      6.1    Debtor's landlord has offered Debtor a rent abatement pending the resolution of the COVD-19 heath crisis and the resumption of normal business operations. Currently Debtor's monthly rental obligation consists of Debtor's share of real estate taxes assessed against the property. Debtor is unaware of any other executory contracts or unexpired leases to which it is a party and which must be assumed or rejected. In the event that the Debtor is made aware of any executory contracts or unexpired leases prior to the Confirmation Date, the Debtor reserves the right to apply to the Court to assume or reject such executory contracts or unexpired leases pursuant to §365 if the Bankruptcy Code.

      6.2    All executory contracts and unexpired leases of the Debtor which are not assumed prior to the Confirmation Date, or which the Debtor has not applied to the Court for permission to assume prior to Confirmation Date, shall be deemed rejected. Any creditor asserting a claim for monetary damages as result of the rejection of an executory contract or unexpired lease shall file a proof of claim and shall serve it upon the Debtor within ten (10) days following the Confirmation Date.

## ARTICLE VII
### Modification of the Plan

7.1. The Debtor may modify this Plan at any time before the Confirmation Date without notice or hearing and without additional disclosure pursuant to applicable provisions of the Bankruptcy Code provided that, after notice to the U.S. Trustee, the Court finds that such modification does not materially or adversely affect the Debtor, the estate, any creditor, or any class of creditors. After the Debtor files any such modification with the Court, the Plan as modified shall be deemed to be the Plan.

7.2. The Debtor may modify this Plan at any time after the Confirmation Date and before substantial consummation of this Plan with approval by the Court after notice and a hearing, pursuant to §1127 of the Bankruptcy Code.

7.3. Before or after the Confirmation Date, or in the Confirmation Order, the Debtor may, with the approval of the Court, and so long as is does not materially and adversely affect the estate or the interests of creditors, remedy any defect or omission, or such manner as may be necessary to carry out the purposes of the Plan.

7.4. The Plan may be modified at any time without Court approval to correct errors and makes changes not affecting the amount or timing of distributions.

## ARTICLE VIII
### Term of Plan

8.1. This Plan will commence upon the Effective Date and shall continue until the Termination Date.

## ARTICLE IX
### Notices

9.1. Any notice of default in compliance with the terms of this Plan shall be made in

writing and delivered by certified mail, return receipt requested, to counsel for the Debtor, Wendell W. Webster, Esq., Webster & Fredrickson, PLLC, 1775 K Street, N.W., Suite 290, Washington, DC 20006 and to the Office of the United States Trustee, Suite 650, 1725 Duke Street, Alexandria, VA 22314.

## ARTICLE X
## Default

10.1. Events of Default: The occurrence of the following shall constitute an event of default under the Plan:

    a.    Failure to timely make any payments required under the Plan or the Confirmation Order;

    b.    Failure to adhere to any of the deadlines set forth in the Plan or in the Confirmation Order.

## ARTICLE XI
## Quarterly Fees

11.1. In accordance with §1129(a)(12) of the Bankruptcy Code and 28 U.S.C. §1930, all quarterly fees to the United States Trustee will be paid in full on or before the Effective Date, and shall continue thereafter until such time as a final decree closing the case is entered by the Court.

11.2. Until such time as the case is closed, dismissed or converted, the Debtor shall continue to report its disbursements each quarter to the United States Trustee.

## ARTICLE XII
## Appointment of Disbursing Agent

12.1. The Debtor shall act as the disbursing agent for any and all funds to be paid to creditors pursuant to the Plan. No bond or other indemnity shall be required of the disbursing

agent and no compensation shall be paid for the services to be provided by the disbursing agent.

## ARTICLE XIII
### Retention of Jurisdiction

13.1. The Court shall retain jurisdiction over the case after confirmation pursuant to and for the purposes set forth in §1127(b) of the Bankruptcy Code, and to:

    a.    Hear and determine objections to claims raised by any party in interest and to hear complaints relating to subordination of claims;
    b.    Hear and determine causes of action arising prior to the Termination Date raised by any party in interest on behalf of or against the Debtor or the bankruptcy estate;
    c.    Hear and determine any dispute arising under the Plan;
    d.    Fix the amounts of compensation and other Administrative claims; and
    e.    Make such orders and give such directions as may be appropriate under §1142 of the Bankruptcy Code.

## ARTICLE XIV
### Effect of Confirmation

14.1. The provisions of this Plan, once confirmed, are binding on the Debtor and all creditors and parties-in-interest. Upon confirmation of the Plan, the Debtor shall be discharged from all pre-confirmation debts. Confirmation also constitutes Court approval of the Debtor's assumption or rejection of executory contracts and approval of any settlements disclosed in the Plan or Disclosure Statement. In the event that the Court denies confirmation of the Plan, the Debtor may amend the Plan or the case may be converted to Chapter 7 or dismissed.

## ARTICLE XV
### Miscellaneous Provisions

15.1. The headings in this Plan are for convenience and reference only, and shall not limit or otherwise affect the meaning of the Plan.

## ARTICLE XVI
### Closing of the Case

16.1. Unless the case is closed earlier, upon substantial consummation of the Plan, the Debtor will seek to have the case closed by the Court. To close the case, the Debtor will file an application for final decree showing that the case has been administered and that the Plan has been substantially consummated.

Dated:   January 22, 2021.

                                WEBSTER & FREDRICKSON, PLLC

                                */s/ Wendell W. Webster*
                                Wendell W. Webster, Esq., Bar No. 245696
                                1775 K Street, N.W., Suite 290
                                Washington, DC 20006
                                (202) 659-8510
                                wwebster@websterfrerickson.com
                                Counsel for Debtor-in-Possession